# NITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF MASSACHUSETTS

Name: Frankel Sunnevent, pro se
Alien Number: A# 72 385 841
Place of Confinement: Franklin County House of Corrections, 160 Elm Street
Greenfield, Ma. 01301
United States District Court for the Western District of Massachusetts
Case Number:

*CA 04-30253*

Frankel Sunnevent, pro se                                    Petitioner

-v-

Superintendent Byron,[Franklin County House of Corrections]; I.N.S.; D.H.S;
Additional Respondent, Attorney General for the State of Connecticut  Respondents

## PETITION PURSUANT TO
### § 2254

1.  Name of Court:

    a.  Superior Court for the State of Connecticut at Stamford

2.  Date of Judgment of Conviction:

    a.  On Docket # CR 99-0130812S, January 23, 2001

3.  Length of Sentences

    a.  On Docket # CR 99-0130812S, A term of 3 years suspended after 1, with

        10 years probation.

4.  Name of Offenses involved (all counts):

    a.  On Docket # CR 99-0130812S; Risk of Injury to A child

    b.  On Docket # CR 99-0130812S; Threatening

    c.  On Docket # CR 99-0130812S; Sexual Assault Second

5.  My plea per a plea agreement was guilty to Count # 3, with the rest
    of the charges; "NOLLE'd."

6.  There was no trial as I plead guilty to Count # 3.

7.  There was no trial as I plead guilty to Count # 3 and due to such did not testify.

8.  I have not appealed any issues from my plea as of this date.

9.  The Petitioner has filed no petitions, applications, or motions with respect to
    issue in any state or federal court.

10. (d)...I did not appeal to the highest State Court having jurisdiction over this
    issue.

    (e)...I did not appeal because I have been unaware that I could, as I have very
    little understanding of the English language, and none of the law.

11. Ground One: (a). Conviction obtained by plea of guilty which was unlawfully
    induced or not made voluntarily with understanding of the nature of the charge
    and the consequences of the plea.

    The Supporting Facts in this Issue are:

    (1).  During my plea as can be seen from the Sentencing Transcripts, I
          was so poorly represented that I had virtually no representation at all
          this can plainly be seen on pages 5 & 6 of my sentencing.

          (a)(1).. My attorney Mr. Nemechek had a letter from the Victim
                   stating that I had not done this, but he refused to let it be
                   into use at the sentencing; as can be seen when I tried to
                   get it introduced, as can be seen on page 6 at lines 1 through

10 he actually stopped me. This letter was the truth
and he should not have stopped me, because I did nothing
wrong. As the letter shows the young woman has lied to me
and told me she was 18. This letter was given to my
attorney by the prosecutor, this was a very bad thing
they did. If not for meeting the man who is helping me
with this no-one would ever know about this. I have been
told by the C/O's here that the Court can help me if I
had something really bad done to me like this and this man
says he will help.

(a)(2).. The Deputy Superintendent Fitzpatrick at this jail
intervened with Mr. Nemechek to get this letter sent to me
here, it is very evident that this is not something I made
up. The Deputy Superintendent here will testify if I
call him to court. My attorney mailed the letter to the
Deputy Superintendent, he wouldn't even send it to me.

Ground two: (i). Denial of Effective Assistance of Counsel.

The Supporting Facts in this Issue are:

(1)...As can be seen and established by ground one and reading the
transcript on pages 5 and 6 the Petitioner's attorney didn't allow the
testimony that was relevant to the Petitioner's innocence be brought
into the hearing of the proceeding.

(a)(1).. What has happened here has to be one of the more blatant

obstructions of justice in the Connecticut Court system in a

very great period of time. [T]his being not only a failure of

the Petitioner's attorney to do the right thing, this is also a

great wrong done to the Petitioner by the Prosecution in this

instance.

(b)(1)..[T]he Petitioner's attorney Mr. Nemechek it would

appear in this instance come under; (public

defender), being liable under a § 1983 jurisdiction,

as was the case in <u>see</u> *Tower -v- Glover,* a case

showing that a public defender can be liable under

42 U.S.C. § 1983, if it can be shown there was a

conspiracy to convict the client, and this would

certainly seem to be the case here as the attorney for

the Petitioner and the prosecutor both had the

information [in this case a letter], and both neglected

to do anything with it.

(b)(2)..As seen in the sentencing transcript there can be no

doubt that there was misconduct in this instance. The

prosecutor had the letter in his hands, gave it to the

defense attorney, who after showing it to the

Petitioner refused to bring it into the open, as can

> also be seen it even went farther than that because
> when the Petitioner tried to say something about it.
> *"the defense even took a brief moment of the Court's*
> *time and stopped the Petitioner" from saying that*
> *there was a letter in the transcripts.*

12. My grounds under 11A were not previously presented because I was unaware of this letter until I was here at the Franklin County House of Correction and I spoke to an inmate here who I asked to help me and he while speaking to me, heard about the letter. After hearing about it he had told me to get it. I tried and had no luck until, Deputy Superintendent Fitzpatrick stepped in and , got in touch with Mr. Nemechek, and even then Mr. Nemechek would not send it to me, he sent it the Deputy Superintendent. I have only had this information for the last 75 to 80 days.

13. I have no petition or appeal pending in any Court, either state or federal in relation to this issue.

14. Attorney Nemechek, represented me and has been my attorney in all my criminal proceedings on this issue.

15. I was sentenced in the Superior Court for the State of Connecticut at Stamford Connecticut.

16. I have no future sentences to serve.

17. The Petitioner asks for a stay of deportation and Conditional Release in this matter while the issue at Bar is decided, the Petitioner asks this due to the

amount of time he has been detained illegally.

**WHEREFORE,** Petitioner prays that this Honorable Court grant him the relief to which he is entitled.

Frankel Sunnevent, pro se

I certify under penalty of perjury that the foregoing is true and correct.

12-8-04
Executed On

Frankel Sunnevent, pro se

**CR-99 0130812 S**

_ _ _ _ _ _ _ _ _ _ _ _ _ _

State of Connecticut  
            Plaintiff

   -v-

Frankel Sunevent

           Defendant

_ _ _ _ _ _ _ _ _ _ _ _ _ _

Superior Court  
Norwalk/Stamford

September 12, 2004

## MOTION TO VACATE JUDGMENT AND SENTENCE

**NOW COMES**, before this Honorable Court the the Defendant, Frankel Sunevent appearing in pro se, praying that this Court grant the Defendant an evidentiary hearing on the above referenced Docket #.

This action should be accepted on the basis of Newly Discovered Grounds for this action.

1. I make this affidavit in support of my motion, (1) for an Order, allowing the Defendant to proceed in the above entitled matter, upon the grounds that I was denied effective assistance of counsel during the pre-trial proceedings in violation of the First (1st), Sixth (6th), and Fourteenth (14th) Amendments of the Constitution of the United States, and for an Order, setting a Court date of October 25th, 2004 or as soon thereafter as counsel may be heard.

2. This affidavit is also made in support of my requests (a) for an Order directing the Plaintiff's to serve an affidavit in response to this motion; (b) for an Order pursuant to the need to be awarded the right to proceed in, in forma pauperis, assigning an attorney and/or an investigator to locate and present witnesses for me on the grounds that I cannot afford such professional services myself and the materials needing to be located are extremely important to a proper determination of my Pleading; (c) for and Order, granting an evidentiary hearing on the grounds that one is crucial to create the evidentiary record necessary for the Court to adequately and effectively and meaningfully determine my motion;  (d) for an Order, dismissing the docket

brought forth in this action on the grounds of prejudiced prosecution and for an

Order, granting such further relief as this Court deems just and proper.

The annexed affidavit is in support of this motion.

Respectfully Submitted,

Frankel Survevent, pro se

# AFFIDAVIT IN SUPPORT
# OF MOTION

This annexed affidavit is in support of the Defendant's motion to re-open the case named in the attached motion.

## PROCEDURAL HISTORY

1. The defendant was represented by Attorney Edward F. Nemechek, Esq..

2. The Defendant is bringing this action forth based upon a conviction entered in front of the Honorable Judge John F. Kavanewsky, Jr.

3. The Defendant had entered a plea of not guilty on June 8th, 2000.

4. The Defendant entered a change of plea on January 23, 2001.

5. The Defendant was released from custody on the 14th of April, 2001.

6. The Defendant has been held by INS since the 27th of December, 2002.

7. The sentence imposed was based on Conn. Stat. CGS/PA #53-21

8. The sentence was based on a conviction for Risk of Injury to A Child On the Twenty Third day of January, 2001.

9. The Defendant is still currently an INS custody at the present time.

## STATEMENT OF INDIGENCE

1. The Defendant being incarcerated has no means of support other than what is given by the Franklin County House of Corrections.

2. The Defendant has no job at the Franklin County House of Corrections, thus giving him no income.

3. There is no third (3rd) party who has a financial interest in this case who would be willing to pay for the Defendants motion.

4. The Defendant asks to be declared indigent by this Court and allowed to proceed in forma pauperis.

## PRE-TRIAL PROCEEDINGS

1. My attorney's pre-trial performance was deficient as follows.

   a. Mt attorney through negligence failed to bring forth issues that were inherently material to my case.

      (1). ABA Rules of Conduct, RPC, Sections 1&2 contain 21 Ethics Rules (ER), see [ER-4], Loyalty to a client is so impaired when a lawyer cannot consider, recommend or carry out an appropriate cause of action for the client *because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client*

      (2). Criminal client is entitled to counsel whose undivided loyalties lie with the client; *see Spreitzer-v-Peters,* 114 F.3d 1435 (7th Cir. 1997).

      (3). Right to conflict free representation, derives from the Sixth (6th) Amendment; *see Garcia-v- Bunnell,* 33 F. 3d 1193 (9th Cir. 1994).

   b. My attorney's performance was deficient in the context that he had information that would have caused a verdict in favor of the Defendant and not only failed to bring it forth but refused to bring it forth

2

## GROUNDS FOR RELIEF

I repeat, reiterate, and reallege each and every allegation of this affidavit set forth in all paragraphs up and to the present with the same force and effect as if separately set out and numbered in each of the following grounds for relief:

## GROUND 1

**COUNSEL'S PERFORMANCE WAS SO DEFICIENT AS TO AMOUNT TO THE EQUIVALENT OF SUBSTANTIALLY NO REPRESENTATION AT ALL, OR AT THE VERY LEAST RESULTED IN SUCH PREJUDICE TO THE DEFENDANT THAT HIS RIGHT TO COUNSEL AND TO THE EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED UNDER UNITED STATE CONSTITUTIONAL AMENDMENTS ONE (1), THE SIXTH (6TH), AND FOURTEENTH (14TH) IN EFFECT DENYING HIM HIS RIGHT TO FAIR ACCESS TO THE COURTS**

1. A clients right to the effective assistance of counsel under the sixth (6th) and Fourteenth (14th) Amendments to the Constitution of the United States and his First (1st) Amendment right allowing access to the Courts, is violated when his trials counsels performance is deficient to the point where it falls below an

3

objective standard of reasonableness, and the deficient performance prejudices the defense. *Strickland –v- Washington,* 466 U.S. 668, 687-688, 104 S. Ct. 2052, 2064 (1984).

2.  When counsel's performance amounts to a constructive denial of the assistance of counsel altogether, it is legally presumed to result in prejudice. *Id.*, at 692, 104 S. Ct. at 2067. In all other situations prejudice is shown "if there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id,* at 694, 104 S.Ct., 2068.

3.  The prejudice requirement set forth in *Washington –v- Strickland, supra, (people –v- Benn,* 68 N.Y. 2d 941, 510 N.Y.S. 2d 81 [1986]), standard would be met in the instant case because counsel's deficient performance did in fact undermine the end result.

## DEFICIENT PERFORMANCE

2.  Here, trial counsels performance either mounted to a constructive denial of assistance altogether, or fell below and objective standard of reasonableness as follows:

3.  Attorney Edward F. Nemechek, Esq. performance was deficient in and/or committing or not committing the following:

4

A. At the time the Defendant was going through the pre-trial proceedings attorney Nemechek was in possession of information that would have been of an exculpatory nature:

(1). Margaret Walker had notified attorney Nemechek that the truth of the matter was that Frankel Sunevent was in actualality innocent of any crime.

(2). Margaret Walker had informed Attorney Nemechek that she would also be willing to bring forth a signed affidavit showing that Frankel Sunevent was innocent. See attached exhibit.

(a)(1). Ethics Rules are evidence of the scope of duties, that a lawyer owes his or her client or former client, *Mirabitiv-v-Liccado,* 4 Cal. Rptr. 2d 571 (Ct. App. 1998); and may be incorporated to show, that lawyer breached his fidicuary duty to client, *Walderman-v-Levine,* 544 A.2d 693 (D.C. 1998); for determining what standard of care is appropriate, *Allen-v-Duncan, Grimes & Dermer, P.C.,* 453 S.E. 2d 719 (Ga. 1995) to address specific harm client suffered and lawyer disciplinary rules may be quoted same as statutes and ordinance in negligence case, *Mayol-v-Summers, Watson & Klipnel,* 585 N.E. 2d 1176 (Ill. App. Ct) appeal denied, 586 N.E. 2d 630 (Ill. 1992). Court found it stated a claim for relief based upon breach of common fiduciary duty, using Bar Rules merely to provide some evidence of standard of care, *Sargent -v-*

5

*Buckley,* 696 A. 2d 1272 (Me. 1997). If Defendant can demonstrate that disciplinary rule intended to protect one in his position was violated, violation may be some evidence of lawyer negligence: expert "could base his opinion on attorney's failure to conform to disciplinary rule"; rules are evidence, on par with "liquor laws, workers compensation, and building codes." *Fishman -v- Brooks,* 487 N.E. 2d 1377, 1381-82 (Mass. 1996). Failuire to comply with rules of professional conduct is not evidence of negligence per se, but it is circumstances to be considered in determining whether lawyer exercised reasonable care in fulfilling his or her legal duties to the defendant.

(a)(2).   I would safely presume effective assistance of counsel would be such that I would be made aware of any pitfalls of my decisions.

(a)(3).   It would also be safe to presume effective assistance of counsel would be his fulfilling his fiduciary duty to fiduciary duty to his client.

(a)(4).   Right to conflict free representation, derives from the Sixth (6th) Amendment. *Garcia -v- Bunnell,* 33 f. 3d 1193 (9th Cir.).

(a)(5).   Reversal Mandated if prejudice is shown on attorney client relationship. *U.S. -v- Morrison,* 449 U.S. 361,

6

66 L.Ed.2d 564, 101 S.Ct. 665 (1931).

b. Counsel was deficient in his performance as to and for the fact of not presenting the best defense possible and diligently pursuing a defense.

   1. 7 C.J.S. Attorney Client, page 707- case law shows:

      (b). first duty is not to client, "counsel must remember that they to, are officers of the Court, administrators of justice, and oath bound servants of society; that their first duty is not to their clients, as many suppose, but it is to the administration of justice; that their clients success is wholly subordinate; *U.S. –v- Frank*, 53 F. 2d 128, 129; *U.S. –v- Laughlin*, 57 F. 2d 1080; *P earse –v- U.S.*, 59 F. 2d 518; *In Kelly*, 243, F. 696, 705.

c. Just such a conflict is "pleadings" whichmay be made. One such pleading is "*in propria persona*", which is defined by Black's Law Dictionary at page 712:

   1. a rule in pleadings to the jurisdiction of the Court must be plead "*in proprai persona*", because if they plead by an attorney they admit the jurisdiction, as an attorney is an officer of the Court, and he is presumed to plead after having obtained leave, which admits jurisdiction.

   2. Counsel was deficient in not making himself more familiar with the law surrounding this case and the facts that were involved.

7

## PREJUDICE

1. The appropriate analysis for determining prejudice is whether "there is a reasonable probability that, but for the defense counsel's error, the results of the proceeding would have been different. *Strickland -v- Washington, supra, at,* 694,104 S. Ct. 2068.such an analysis does not require an evaluation of wither the evidence was "sufficient" to support the judgment ; *See Reddy –v- Combe,* 916 F.2d 47, 52 Fr. 1 (2nd Cir. 1990); *cf. Katteakos –v- United States,* 328 U.S. 750, 764-765, 66 S. Ct. 1239, 1248-1249 (1946).

2. Many factors which should be evaluated in a prejudice claim for analysis have been set out in a variety of decisions as follows.

   The strength of the Defendant's case, and wither the deficiency in counsel's Performance was either detrimental to an issue that "was critical" (P*eople-v-Wallace,* 187 A.D. 2d 988, 591 N.Y.S. 2d [4th Dept. 1992]; *People –v-Dombrowski,* 163 A.D. 2d 873, 558 N.Y.S. 2d 401 [4th Dept. 1990], "or served to undermine the Defendant's case substantially", (*People –v - Toporczyk ,* 178 A.D. 2d 947, 578 N.Y.S. 2d 743 [4th Dept. 1991].

   Whether the Defendant's case was supported by any physical evidence (such as finger prints, or powder residue) against the Defendant's; wither any of the Plaintiff's witnesses failed to bring forth any evidence that theDefendant was making a frivolous defense either before or during the trial; and wether the jury would have asked for either a read-back of

Whether the Defendant's case was supported by any physical evidence

(such as finger prints, or powder residue) against the Defendant's;

wither any of the Plaintiff's witnesses failed to bring forth any evidence

that Defendant was making a frivolous defense either before or during

the trial; and whether the jury would have asked for either a read-back of

Testimony, review of the evidence, or more Court instructions on

matters which indicate a probability that their verdict would have been

different has counsel's performance not been deficient. *Mason –v- Scully,*

16 F.3d 38, 45 (2nd Cir.).

3.  My case was prejudiced as follows:

    a.  *Polk County –v- Dodson*, (454 U.S. 312, 102 S.Ct. 445, would not apply to

       the case at bar as it is the Defendant's allegations that Attorney Nemechek

       acted in direct conflict with the Defendant's rights, by acting in concert with

       the prosecution in the attempts to convict him by preventing the Defendant's

       attempt to bring forth evidence exonerating him. (see exhibits A, B & C )

       1.  There can be no fair trial unless the accused receives the services of an

          effective and independent advocate.

          (a).  *Polk County -v- Dodson, supra,*; although the employment

              relationship is a relevant factor it is insufficient to establish that a

              *313 public defender acts under color of "state law" within the

9

meaning of § 1983. A public defender is not amenable to administrative direction in the same sense as other state employees. And equally important, it is the State's Constitutional obligation to respect the professional independence of the public defenders who it engages.

Held:

1. Defendant's complaint adequately alleges "under color of state law" for purposes of § 1983, in view of the conspiracy allegations. Although appointed counsel in a criminal prosecution does not act "under color of state law" in the normal course of conducting the defense. _Polk County -v- Dodson,_ 454 U.S. 312, 102 S.Ct. 445 L.Ed. 2d 509, an otherwise private person acts "under color of state law" when engaged in conspiracy with state officials to deprive another of Federal Rights, _Dennis -v- Sparks,_ 449 U.S. 24, 101 S. Ct. 183, L.Ed. 2d 185, P. 2824.

   a. The Defendant believes his case was prejudiced by Attorney Nemechek conspiring with the State to undermine the Defendant's case due to his actions during pre-trial and sentencing.

      1. Attorney Nemechek starts to show complicity when he stops the Defendant from bringing forth the letter written by Margaret Walker which showed his innocence. (see exhibit A) by not bringing it forward himself and stopping the Defendant from bringing it forward. ( see exhibits B &C ).

      2. Attorney Nemechek knew or should have known how damaging this letter

( see exhibit A ), was.

b.  Right to *conflict free counsel* derives from the Sixth (6th) Amendment.
    *Garcia -v- Bunnell,* 33 F. 3d 1193 (9th Cir. 1994).

   1.  The attorney must inform the client of the limitations and conflicts
       regarding his or her conduct (representative or assistance) ( see RPC,
       Rule 1,2 (e); RPC Rule 1.8 (f) & ER-4; RPC Rule 1.7 (a) & (b), Ethics
       Rules 4,5,7 and 10 ). If the attorney is not allowed to disclose the
       conflicts, he or she cannot rightfully, morally, or lawfully ask the accused
       to agree to his or her representation, (RPC Rule 1.7, ER---5), A BAR
       licensed attorney has an immediate, major conflict of interest, which both
       he and the Court's ignore and do not disclose, even though they both have
       a legal and moral duty to inform the accused of the conflict.

       " Silence can only be equated with fraud when there is a legal and moral
       duty to speak".

   2.  "Reversal Mandated if prejudice is shown on attorney client
       relationship." *U.S. -v- Morrison,* 449 U.S. 361, 66 L.Ed. 2d 564, 101 S.
       Ct. 665 (1931).

c.  Viewing these facts, in conjunction with the numerous deficiencies, in
    Attorney Nemechek's performance, set out above, it is respectfully submitted
    that Attorney Nemechek, had not become familiar enough with the laws and
    facts of my case, enough to represent me properly, which resulted in a

11

performance amounting to a constructive denial of counsel altogether.

d.  An inquiry into Defendant's and counsels conversations may be critical to a proper assessment of counsel's investigative decisions as well as other strategies to be used in the Defendant's defense. *Strickland -v- Washington,* 466 U.S. 668, 691 104 S.Ct. 2052, 2066 (1984). Because the contents are not normally part of the record on appeal, claims of ineffective counsel are more properly raised in a post-conviction/judgment motion pursuant to, *People -v- Love,* 57 N.Y. 3d 998, 1000, 457 N.Y.S. 2d 238, 239 (1982).

e.  During the start of such a proceeding, the reduction of burdens to all concerned, and the interests of judicial time and economy would be better served "through the use of affidavits or other simplifying procedures" as a prelude to an evidentiary hearing. *Murray -v- Carrier,* 477 U.S. 478, 487, 106 S. Ct. 2639, 2645 (1986). The issues needed to be developed at the hearing may be narrowed drastically in this matter.

f.  I cannot afford an attorney and/or investigator, and I do not have any other means of obtaining affidavits and evidence while I am incarcerated. To my knowledge there are no rules or procedures for post-judgment discovery.

g.  The Court has inherent power "to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it." The "All Writs Act", authorizes courts to, "issue all writs necessary and/or appropriate in aid of their respective jurisdictions." (28 U.S.C .§ 1651 [a].)

12

h.  There is other authority to grant a request for a "subpoena duces tecum." Various Courts have consistently interpreted the Constitution and miscellaneous statutes to require the production of evidence to support a Defendant's claim. _Germany -v- Vance,_ 868 F. 2d, 14 (1st Cir. 1989) [interpreted right of "adequate, effective and meaningful" access to to support proceedings]. _U.S. -v- Grove_, 8333 F. Supp. 411, 416-417 (E.D. Wis. 1993); [interpreted right of adequate, effective and meaningful access to the Court's to require production of transcripts for use in preparing post-judgment motion]; _cf Matter of Bernard C., supra_[right to compulsory process **not** limited exclusively to a trial stage].

i.  Moreover the equal protection and basic fairness requirements of Due Process under the Fourteenth (14th) Amendment of the Constitution, requires that an incarcerated, indigent Defendant has an attorney and/or investigator to help him accumulate evidence in support of his motion, just as a rich Defendant would be able to afford those services.

j.  The affidavits and other evidence sought herein are extremely material to a determination of this motion. Consequently, the Court has clear authority, to direct an order assigning an attorney and/or investigator to the Defendant under his in forma pauperis standing to help him acquire the affidavits and evidence needed.

k.  The Defendant's rights under the First (1st), Sixth (6th) and Fourteenth

13

CR-99  0130812  S    : SUPERIOR COURT

STATE OF CT     : STAMFORD/NORWALK J.D.

  VS       : AT STAMFORD

SUNEVENT, FRANKEL  : JANUARY 23, 2001


## CERTIFICATION


   I, Jennifer L. Jones, Court Recording Monitor for

the Superior Court, Fairfield County, State of Connecticut, do hereby

certify that the foregoing is a true and accurate transcription of the

tape recorded proceedings had in the above-entitled case.


          *Jennifer L. Jones*

          JENNIFER L. JONES
          COURT MONITOR

C00287

- 4 -

spoke with Attorney Kouzoujian in the past, and Attorney Kouzoujian indicated that she was the guardian for the victim, and was in agreement with this offer of three years suspended after one, ten years probation.

Conditions of probation being initiate no contact with the victim.  Sex offender treatment that Probation deems warranted, and to register with the Sex Offender Registry.

THE COURT: All right, I'm going to canvas the defendant on this plea agreement.

Mr. Sunevent, I want to tell you if you don't understand anything I ask---you should tell your attorney so he can tell the Court, and I can make it clear.

THE DEFENDANT: Yes.

THE COURT: Have you had enough time to talk to your attorney about this matter, and your decision to plead guilty?

THE DEFENDANT: Yes Your Honor.

THE COURT: Are you satisfied with your attorney's advise and representation?

THE DEFENDANT: Yes Your Honor.

THE COURT: Have you discussed with him the nature and elements of this crime, risk of injury to a minor, and the evidence the State says it has?

THE DEFENDANT: Yes Your Honor.

000288

- 6 -

1        THE INTERPRETER: She was lied to me, that's
2   why I do it.

3        MR. SUNEVENT: Got a letter---got a letter
4   from---

5        THE COURT: I think I understand---

6        MR. NEMCHEK: May we have a moment Your
7   Honor?

8        THE COURT: I think I understand, but go ahead.

9   **(WHEREUPON DEFENDANT'S COUNSEL SPEAKS TO**
10                    **HIS CLIENT)**

11        THE COURT: All right, do you understand
12   you're giving up your right to a trial? All right, do you
13   understand sir?

14        THE DEFENDANT: Yes Your Honor.

15        THE COURT: Okay. Now the plea agreement
16   here, I'm going to order a pre-sentence investigation,
17   and if I read that and determine I should follow the
18   agreement, the agreement is three years, suspended
19   after you've served one year in jail, followed by ten
20   years probation. All right?

21        With the special conditions just mentioned. And
22   the State is going to take favorable action, I assume, on
23   all of the remaining charges in the remaining files.

24        MR. RUBIN: Yes, at the time of sentence.

25        THE COURT: At the time of sentencing.

26        MR. RUBIN: Yes Judge.

27        THE COURT: Okay? That means they're going

- 10 -

1    THE COURT: April fourth for a PSI.

2    MR. NEMCHEK: And the reason for that Your

3    Honor is that because that's when his twelve months

4    are concluded, and it's possible after being transported

5    back to Bridgeport, if he could be released on that

6    date.

7    THE COURT: Okay. I don't know what's

8    required to be done there. In truth, I don't know

9    whether they have to take him back to Bridgeport to

10   process him. I just don't know, but I'll continue it to

11   April fourth if that's what you want.

12   MR. NEMCHEK: Thank you Your Honor.

13   THE COURT: All right, so ordered.

14   MR. RUBIN: Thanks Judge.

15   THE COURT: Okay.

16   *    *    *    *    *    *    *    *    *    *    *

17

18

19

20

21

22

23

24

25

26

27

3 COPIE

**TO WHOM IT MAY CONCERN**

I, Margaret Walker, has a file suit outstanding against Frankel Sunevent with the State of Connecticut. I'm writing to inform that I want the case to be closed.

I met Frankel about four to five months ago. He was working as a nurse's aid for a patient who lived next door to me. He went there about three to four times a week. One day, he asked me for my phone number and I asked him for his. I called him before he called me. During our first conversation, he asked me for my age. I replied 18 years old. We kept on talking to each other until we became very intimate.

On November 28, 1999, a couple of friends –Melanie and his brother Michael Brown– went to Frankel's house. He is a very kind man. He cooked us breakfast. Once we were alone in the room, my friends left us and I was falling in love with him quickly. I kissed him and I asked him for sex. But he said no. Since I kept insisting, he let go. It was the first and last time our intimacy had gotten that far.

Somehow afterwards, he found out that I was going to be 16 years old on February 10, 2000. So he called the cops three times that Sunday afternoon. He wanted everything to be clear between him and me. Then the cops came, they talked to both of us. I was intimidated because I was under a lot of pressure. I was also very angry at him. So I lied to the police by saying that Frankel raped me.

They arrested him and they took me to the hospital to be checked for rape. When I got there, I realized what I had done, I refused to be examined because I know I was lying and my conscience had started to reproach me. So the State took over the case. Precilla McRagragh, a DCF worker, talked to me. Given that Frankel and I do not talk, Precilla has tried to get rid of the case because he doesn't want any trouble. And neither do I. I **want the case to be closed!**

Should anyone have any questions, please feel free to call me at (203) 359-2424 after 2:30PM.

Sincerely,

Margaret Walker

SUPERIOR COURT

STATE OF CONNECTICUT

ORIGINAL INFORMATION: YES    COURT DATE: 06/08/2000    GA01 — STAMFORD

DOB: 12/22/1967    DISPOSITION DATE: 25

DOCKET NO.: CR99-0130812-S

The undersigned, Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut, in said Geographical Area, on oath of office charges that said Deputy Assistant State's Attorney has reason to believe and does believe that

4/11/01

SUNEVENT FRANKEL

Did commit the crimes recited below:

| Count: 001 | THREATENING | Type/Class: M/A At: STAMFORD |
| On or About: 11/28/1999 | | In Violation Of CGS/PA No: 53a-62 |

| Count: 002 | SEXUAL ASSAULT 2ND DEG | Type/Class: F/C At: STAMFORD |
| On or About: 11/28/1999 | | In Violation Of CGS/PA No: 53a-71 |

| Count: 003 | RISK OF INJURY TO CHILD | Type/Class: F/C At: STAMFORD |
| On or About: 11/28/1999 | | In Violation Of CGS/PA No: 53-21(1) |

X SEE OTHER SHEETS FOR ADDITIONAL COUNTS    DATE    SIGNED (DEPUTY ASST. STATES ATTORNEY)

## COURT ACTION

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA

(JUDGE) Bingham    (DATE) 6.8.00

BOND $5,000    SURETY    ELECTION
REDUCTION    B.O.    □ CASH    □ COURT    □ JUR
APPEAL    ELECTION WITHDRAWN DATE
□ ATTY.  □ PUB. DEFENDER    GUARDIAN    □ SEIZE PROP

| COURT NO. | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT PENDING | FINE | DAYS IN JAIL | ADDITIONAL DISPOSITION 99108 LWW |
|---|---|---|---|---|---|---|---|---|
| 001 | 6/8/00 | NG | | | | | | NOLLE |
| 002 | | NG | | | | | | NOLLE |
| 003 | | NG | 1-23-01 | G | G | | | 3yrs e/sk 1yr, 10yrs Prob. |

| DATE | OTHER COURT ACTION | JUDGE | CONTINUANCES DATE | PURPOSE | REAS |
|---|---|---|---|---|---|
| 6-8-00 | P.D. Bond only | Bingham | 4.9.01 | | |
| 1-23-01 | Plea made knowingly, intelligently voluntarily with understanding of factual basis of crime charged and the advice of competent counsel. 3yrs e/sk 1yr 10yrs Prob. (Cont) PSI ORDERED | (KAVANEWSKY) | | | |

STATE OF CONNECTICUT SUPERIOR COURT RECORDS CENTER

JUN 2 9 2001

CERTIFIED COPY

BY

U.S. Immigration Court
EXHIBIT 2
For Identification 1-3-03
Full Exhibit 2-26-03

| FINE PAID | RECEIPT NO. | MITTIMUS DATE | REPORT ON ORIGINAL DISPOSITION | SIGNED CLERK | SIGNED JUDGE | □ SEE REVERSE S |
| PROSECUTOR ON ORIGINAL DISPOSITION | | | | | |

000295

1    to go away.  Is that your understanding of the plea

2    agreement? Is that what you want to accept?

3           THE DEFENDANT: Yes.

4           THE COURT: Has anybody promised you

5    anything else?

6           THE DEFENDANT: No Your Honor.

7           THE COURT: Okay, you've heard the State's

8    Attorney tell me what the facts were.  Were those facts

9    substantially correct, that you did have sex with a

10    person who was underage, who was a minor?

11           THE DEFENDANT: Yes Your Honor.

12           THE COURT: All right, does anybody know why

13    I should not accept the plea?

14           MR. RUBIN: No Your Honor.

15           THE COURT: All right, well let me go back.  I

16    have to canvas him on the sex registry.  I'm going to

17    have to ask you some special questions about the

18    nature of this offense and registration.  Please listen.

19           Do you understand that when you are released

20    from confinement, from jail, and if you have not

21    already registered, please listen.  You must within

22    three days following your release, register your name

23    and residence address with the Commissioner of

24    Public Safety.

25           You must also register or supply your criminal

26    record, your fingerprints, a photograph, or photographs

27    of yourself, and a description of any other identifying

- 5 -

1   THE COURT: Have you also discussed with him
2   the penalties for the offense to which you're pleading
3   guilty?
4   THE DEFENDANT: Yes Your Honor.
5   THE COURT: Are you on probation or parole
6   now?
7   THE DEFENDANT: No Your Honor.
8   THE COURT: I want to tell you that by pleading
9   guilty, you're giving up rights.  Please listen to those.
10   The right to a trial with the help of your attorney.
11   The right against self-incrimination.  To plead or to
12   continue to plead not guilty, and have the State prove
13   your guilt beyond a reasonable doubt.
14   To confront and cross examine the witnesses
15   against you.  To testify and to present any defenses
16   you have.  Do you understand you're giving up those
17   rights?
18   THE DEFENDANT: I don't have those right
19   because she lied to me.
20   THE COURT: Okay, I am just saying to you, you
21   are admitting your guilt and you are giving up your
22   right to a trial---to a hearing before a judge or a jury.
23   You're giving up that right, you're giving up the right
24   to have a judge or jury determine your guilt or not
25   guilt.  Do you understand that?
26   MR. SUNEVENT: She lied to me, that why I
27   didn't----she lied to me, got a letter from---

000289

- 3 -

1   And---he freely admitted those types of relations

2   with that victim on several occasions, for the past few

3   years.

4   THE COURT: I'm a little unclear.  Was the

5   victim at or about the scene when all of this occurred?

6   MR. RUBIN: The---person who had left the

7   residence had indicated to police that the room had

8   been---that there---that that---there was a person who

9   trashed the room that Mr. Sunevent was staying at.

10   So when police were at the location he started

11   talking to police, and he started indicating that---the

12   person who had trashed the room was this particular

13   minor, and he had sexual relations with this particular

14   minor.

15   THE COURT: All right, go ahead.

16   MR. RUBIN: And---

17   THE COURT: Was there some follow-up with

18   the victim?

19   MR. RUBIN: Yes Your Honor.

20   MR. NEMCHEK: Yes.

21   MR. RUBIN: Basically they end up speaking to

22   the victim who was talking about the relations they

23   two had, and confirmed that the relations were sexual

24   in nature.

25   THE COURT: All right.  There's a disposition

26   here?

27   MR. RUBIN: Yes Your Honor.  Oh, by the way, I