```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FRANKEL SUNEVENT,              )
                               )
         Petitioner,           )
                               )    C.A. No. 04-30253-MAP
     v.                        )
                               )
FORBES BYRON,                  )
                               )
         Respondent.           )
```

## MEMORANDUM AND ORDER

For the reasons set forth below, I dismiss the petition of Frankel Sunevent for habeas relief under 28 U.S.C. § 2254 and deny as moot his application to proceed *in forma pauperis*.

## BACKGROUND

Sunevent is an immigration detainee currently confined in the Franklin County House of Corrections. On December 14, 2004, Sunevent filed an application for habeas relief under 28 U.S.C. § 2254 in which he challenges the validity of his January 2001 conviction in a Connecticut state court.

On January 23, 2001, Sunevent pled guilty in a Connecticut state court to the felony of risk of injury to a child. See Conn. St. § 53-21 (prohibiting, *inter alia*, sexual contact with child under the age of 16).[1] The conviction arose out of

---

[1] In Sunevent's pleading captioned as "Petition Pursuant to § 2254," Sunevent lists and numbers the three offenses for which he was charged: (1) "Risk of Injury to A child [sic]"; (2) "Threatening"; and (3) "Sexual Assault Second." Petition at 1. In the same pleading, Sunevent states that he pled guilty to "Count #3," *id.* at 2, thus suggesting that he pled guilty to sexual assault.

Sunevent's sexual relations with a girl less than sixteen years old. Sunevent was sentenced to a short term of incarceration and ten years of probation. On April 14, 2001, Sunevent was released from incarceration; he is currently on probation. On December 27, 2002, the Bureau of Immigration and Customs Enforcement ("BICE") detained Sunevent and began removal proceedings against him on the basis of his January 23, 2001 felony conviction. Sunevent has remained in custody of the BICE since that time.

In his present petition, Sunevent challenges the constitutionality of the January 23, 2001 conviction on two grounds: (1) "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea," id. at 2; and (2) ineffective assistance of counsel, id. at 3. The bases of both of these alleged unconstitutionalities is that Sunevent's attorney allowed Sunevent to plead guilty without disclosing to the court a letter from Sunevent's victim that allegedly exonerated Sunevent. In support of his argument, Sunevent attached to his petition a copy of (1) the transcript of a portion of his January 23, 2001 change of plea hearing in

---

Other documents submitted by Sunevent, however, indicate that he pled guilty to risk of injury to a child, which was count number three of his indictment. See record of disposition of State v. Sunevent, CR 99-0130812-S (Conn. Sup. Ct., Stamford) (untitled document attached to Sunevent's petition); transcript of January 23, 2001 change of plea hearing in State v. Sunevent at 25-26 (attached to Sunevent's petition).

2

Connecticut v. Sunevent, CR-99-013082-S (Conn. Sup. Ct. Stamford) (Kavenewsky, J.) (the "transcript"); and (2) the above-mentioned letter from Sunevent's victim.

According to Sunevent, during the course of the January 23, 2001 hearing, the prosecutor showed Sunevent's attorney the letter from Sunevent's victim. Sunevent's attorney then showed the letter to Sunevent. In the letter, the victim states that she and Sunevent had sexual relations on one occasion, and that the encounter occurred before her sixteenth birthday. She also represents that, before the encounter, she had misrepresented to Sunevent that she was eighteen years old.

The transcript of the hearing evidences Sunevent's attempt to bring the letter to the court's attention. After explicitly stating that the crime to which Sunevent was pleading guilty was risk of injury to a minor, the court asked Sunevent whether he had discussed with his attorney the "nature and elements" of the crime and "the evidence the State says it has." Id. at 25-26.[2] Sunevent responded in the affirmative. Id. at 288, ln. 27. The court then enumerated the rights Sunevent would give up by pleading guilty and asked Sunevent if he understood he was forfeiting those rights. Transcript at 289, ll. 8-17. Sunevent responded, "I don't have those right [sic] because she lied to

---

[2] In a later passage, the transcript indicates that an interpreter was available to Sunevent during the change of plea hearing. Transcript at 290, ll. 1-2.

3

me." Id. at 289, ll. 18-19. The court reiterated that Sunevent was admitting his guilt and giving up his right to a trial. Id., ll. 20-25. When the court asked if Sunevent understood the latter, Sunevent responded, "She lied to me, that [sic] why I didn't--she lied to me, got a letter from--." Id., ll. 26-27. Sunevent's interpreter added, "She was lied [sic] to me, that's why I do [sic] it." Id. at 290, ll. 1-2. Sunevent again interjected, "Got a letter--got a letter from--." Id., ll. 3-4.

At the request of Sunevent's attorney, the court provided some time for Sunevent to confer with his counsel. Id., ll. 6-8. After the colloquy resumed, Sunevent indicated, without protest, that he knew he was giving up his right to a trial. Id., ll. 11-14. When the court asked, "Okay, you've heard the State's Attorney tell me what the facts were. Were those facts substantially correct, that you did have sex with a person who was underage, who was a minor," Sunevent replied, "Yes Your Honor." Id. at 291, ll. 7-11. The court accepted Sunevent's guilty plea. Sunevent did not attempt to appeal his conviction in the Connecticut state courts.

Sunevent now argues that his plea was not knowing and voluntary and that his right to effective counsel was violated because his attorney refused to present to the court the letter from Sunevent's victim:

> My attorney ... had a letter from the Victim stating
> that I had not done this, but he refused to let it be

4

> into use at the sentencing; as can be seen when I tried to get it introduced ... he actually stopped me. This letter was the truth and he should not have stopped me, because I did nothing wrong. As the letter shows the young woman has lied to me and told me she was 18.

Petition at 2-3. According to Sunevent, his discovery of the constitutional infirmities of his conviction was recent:

> My grounds [for challenging the plea] were not previously presented because I was unaware of this letter until I was here at the Franklin County House of Correction and I spoke to an inmate here who I asked to help me and he wile speaking to me, heard about the letter. After hearing about it he had told me to get it. I tried and had no luck until, Deputy Superintendent Fitzpatrick stepped in and, got in touch with [Sunevent's attorney], and ... [the attorney] sent it the [sic] Deputy Superintendent. I have only had this information for the last 75 to 80 days.

Petition at 4; see also id. at 3 ("This letter was given to my attorney by the prosecutor .... If not for meeting the man who is helping me with this no-one [sic] would ever know about this.").

## DISCUSSION

I. <u>The Court's Authority to Screen the Petition</u>

Section 2254 provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).[3]

---

[3] The "in custody" language of § 2254 is jurisdictional and requires habeas petitioners to be in custody under the conviction or sentence they attack when they file the petition. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per curiam). Sunevent has sufficiently alleged that he is "in custody" within the meaning

Under Rule 4(b) of the Rules Governing Habeas Corpus Proceedings Under Section 2254, the Court is required to examine a § 2254 petition prior to allowing it to be served upon the respondent. If it "plainly appears from the face of the [petition] ... that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

II.  Sunevent's Claim of Ineffective Assistance of Counsel[4]

---

of § 2254.  To be sure, his detention by BICE does not render him "in custody" pursuant to a state court judgment even if the detention arises from the challenged conviction.  See Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir.), cert. denied, 73 U.S.L.W. 3353 (2004); Fordjour v. Stewart, 2003 WL 22416689, at *1 (N.D. Ca. Oct. 20, 2003 (Chesney, J.); Cuevas v. New York, 2002 WL 206985, at *2 (S.D.N.Y. Feb. 11, 2002) (Sweet, J.); Neyor v. I.N.S., 155 F. Supp. 2d 124, 134 (D.N.J. 2001).  Nonetheless, the fact that Sunevent is a probationer under the conviction he seeks to challenge satisfies the "in custody" requirement of § 2254.  See Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004); Olson v. Hart, 965 F.2d 940, 942-43 (10th Cir. 1992); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir. 1984); Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982); Luna v. Massachusetts, 224 F. Supp. 2d 302, 304 n.1 (D. Mass. 2002) (Wolf, J); cf. Jones v. Cunningham, 371 U.S. 236, 242 (1963) (explaining that parolee was "in custody" for purposes of § 2254 because "the custody and control of the Parole Board involve significant restraints on petitioner's liberty ... which are in addition to those imposed by the State upon the public generally"); Hurtado v. Tucker, 245 F.3d 7, 10 n.2 (1st Cir. 2001) (habeas petitioner, paroled on a state conviction and undergoing removal proceedings arising from that conviction, satisfied the "in custody" requirement of § 2254).

[4]Although the Court dismisses Sunevent's petition on the ground that he has not alleged ineffective assistance of counsel,

6

In order to state a claim for ineffective assistance of counsel, Sunevent must allege facts that would support "a showing that the attorney turned in a constitutionally deficient performance that prejudiced the defendant's substantial rights." United States v. Moran, 393 F.3d 1, 10 (1st Cir. 2004) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Where a petitioner claims ineffective assistance of counsel in the context of a guilty plea, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." United States v. Colòn-Torres, 382 F.3d 76, 86 (1st Cir. 2004) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). In other words, Sunevent

---

I note that other bases for denying relief may exist. First, district courts cannot grant relief under § 2254 unless "it appears that" the petitioner has exhausted his state remedies, or that state remedies are (1) unavailable; or (2) "ineffective to protect the rights of the applicant." § 2254(b)(1). Here, Sunevent admits that he did not seek direct or collateral review of his conviction or sentence in the Connecticut Courts. Pet. at 2 ("I have not appealed any issues from my plea as of this date.... I did not appeal because I have been unaware that I could, as I have very little understanding of the English language, and none of the law."). Because the Court denies Sunevent's claim on the merits, the Court will pass over the question of whether remedies in the Connecticut state courts were unavailable or ineffective. See § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Second, there is a question of the timeliness of Sunevent's petition, see 28 U.S.C. § 2244(d) (habeas petition must be filed within one year of the latest-occurring of several events), but the Court does not need to address that issue since the petition can be denied on another ground.

must allege facts from which the Court may find "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Colòn-Torres, 382 F.3d at 86 (quoting Hill, 474 U.S. at 59).

It is clear that Sunevent has not alleged either a constitutionally deficient performance by his attorney or that, but for any the alleged errors of Sunevent's attorney, Sunevent would not have pled guilty. Sunevent pled guilty in a Connecticut state court to risk of injury to a child, which, in relevant party, imposes criminal liability on "[a]ny person who ... (2) has contact with the intimate parts ... of a child under the age of sixteen years, in a sexual and indecent manner likely to impair the health or morals of such a child." Conn. St. § 53-21(2). The plain text of the statute does not require that the defendant know that the victim is under the age of sixteen. Further, case law indicates that the crimes of risk of injury to a child, see § 53-21, and second-degree sexual assault, defined in relevant part as sexual intercourse with a person under sixteen, see § 53a-71, are general intent crimes and do not require proof that the defendant knew the age of the alleged victim. See State v. Pierson, 514 A.2d 724, 727 (Conn. 1986); State v. Santiago, 813 A.2d 1068, 1072 (Conn. App. 2003); State v. Plude, 621 A.2d 1342, 1347, 1349, 1349 (Conn. App. 1993). If Sunevent had proceeded to trial on the crime to which he pled

8

guilty, the prosecution would not have been required to prove beyond a reasonable doubt that Sunevent knew that the victim was under the age of sixteen.

Thus, the letter in which the victim states that she lied to Sunevent about her age is irrelevant to the conviction that Sunevent now seeks to challenge. Because the information in letter was irrelevant to the crime to which Sunevent pled guilty, Sunevent's counsel was not remiss in the slightest in allegedly refusing to rely on it. For the same reason, Sunevent was not prejudiced by his counsel's conduct in that regard.

Sunevent has also argued that his plea was not knowing and voluntary. He has not stated any ground for this argument other than his counsel's conduct in relation to the letter from Sunevent's victim. Because the Court has concluded that Sunevent did not receive ineffective assistance of counsel, Sunevent's assertion that his plea was not knowing and voluntary also fails to allege a basis for habeas relief.

## CONCLUSION

Accordingly, for the reasons stated above, the Court orders that Sunevent's petition for habeas relief be dismissed, and that his petition to proceed *in forma pauperis* be denied as moot.

SO ORDERED.

Dated at Springfield, Massachusetts, this 29th day of March, 2005.

/s/ Michael A. Ponsor
UNITED STATES DISTRICT JUDGE